**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **PRIORITY RECORDS LLC, a California** | : | |
| **limited liability company et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **5:06-CV-231 (CAR)** |
| | : | |
| **vs.** | : | |
| | : | |
| **FELTON LEE,** | : | |
| | : | |
| **Defendant.** | : | |

_____

## ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT

The present action stems from Defendant Felton Lee's ("Defendant") alleged

unlawful acquisition and distribution of copyrighted recordings owned or licensed

exclusively to Plaintiffs, in violation of the Copyright Act, 17 U.S.C. § 101 et. seq.

Currently before the Court is Plaintiffs' Motion for Entry of Default Judgment [Doc. 6].

Through the Motion, Plaintiffs seek an award of statutory damages, attorney's costs, as

well as an injunction barring Defendant from further infringement of their copyrights.

After considering the present motion, the filed Complaint, the submitted evidence, and

the relevant law, the Court **GRANTS** Plaintiffs' Motion.

### Background

Plaintiffs filed this copyright infringement action against Defendant on July 11,

2006, alleging that they are the copyright owners or licensees of exclusive rights under

United States copyright with respect to certain sound recordings, including the eleven copyrighted recordings listed in Exhibit A to the Complaint, and that Defendant copied and distributed those recordings with the help of an online media distribution system. As a result of Defendant's infringing activity, Plaintiffs seek (1) statutory damages pursuant to 17 U.S.C. § 504(c); (2) attorney's costs; and (3) injunctive relief pursuant to 17 U.S.C. §§ 502 & 503 prohibiting Defendant from further infringing conduct and requiring him to destroy all copies of sound recordings made in violation of Plaintiffs' copyrights.

After filing the action, Plaintiffs properly served Defendant with a copy of the Summons and the Complaint on July 22, 2006. Notwithstanding the service of process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure,[1] Defendant never filed an answer or otherwise appeared in this action. Thereafter, because Defendant failed to respond and upon Plaintiffs' motion, the Clerk of Court made an entry of default against Defendant [Doc. 5] pursuant to Rule 55(a). Fourteen days after Clerk's entry of default, Plaintiffs filed the current motion asking the Court to enter a default judgment against Defendant pursuant to Rule 55(b).

## Discussion

## I. Propriety of Default Judgment

---

[1] In this Order, all references to "Rule(s)" refer to the Federal Rules of Civil Procedure.

In this Circuit, it is well established that a "district court has the authority to enter default judgment for failure . . . to comply with . . . rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (internal citation omitted). Where a defendant, as here, fails to appear or otherwise acknowledge the pendency of a lawsuit against him for over two months such that the Clerk of Court enters an entry of default against him, Rule 55(b) allows this Court to enter a default judgment against him, as long as the defendant is not an infant nor an incompetent person. Vested with the power to do so, courts have entered default judgments against defendants who have failed to defend the claims against them following proper service of process. See, e.g., In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987) ("[w]here a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate" (internal citation omitted); see also, Atlantic Recording Corp. v. Hall, 2006 WL 2038649, at *1 (M.D. Ga. May 3, 2006) (entering default judgment against a defendant who failed to answer or otherwise make an appearance in a case).

However, it is also well established that a defendant's failure to appear in the case and the clerk's entry of default against him does not automatically entitle a plaintiff to a default judgment. Notwithstanding the defendant's default, a plaintiff is entitled to default judgment only if the court finds that the facts established in the plaintiff's pleadings, which are deemed admitted by virtue of the plaintiff's default, sufficiently

establish a claim for relief.  See DirecTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); see also Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); Descent v. Kolitsidas, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2002) ("[T]he defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief.").

After careful review, the Court finds that Plaintiffs' Complaint sufficiently states a cause of action for copyright infringement.  To state a cause of action for copyright infringement, Plaintiffs must (a) establish ownership of the infringed material and (b) demonstrate that the alleged infringers violated at least one exclusive right granted to the copyright holders.  A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001).  In this case, Plaintiffs allege that they are the owners of the copyrighted recordings, which Defendant has, without their permission or consent, copied and distributed with the help of an online media distribution system.  These allegations establish a quintessential copyright infringement claim.  See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 922 (2005) (suggesting that downloading copyrighted recordings infringed upon copyright holder's exclusive rights of production and distribution); see also Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 843 (11th Cir. 1990) ("Public distribution of a copyrighted work is a

right reserved to the copyright owner, and usurpation of that right constitutes infringement."). Accordingly, because the Court finds that Plaintiffs' Complaint sufficiently establishes Defendant's liability to Plaintiffs on a theory of copyright infringement, the Court **GRANTS** Plaintiffs' motion for entry of default judgment and now turns its attention to the requested relief.

## II. Requested Relief

### A. Statutory Damages

The Copyright Act gives a plaintiff a choice of receiving either actual or statutory damages for the infringing activity. 17 U.S.C. § 504(c).[2] If the plaintiff chooses to receive statutory damages, as Plaintiffs have done in this case, then he is entitled to at least $750.00 but no more than $30,000 for each act of infringement. Id. Although a court may, at its discretion, hold a hearing to determine the amount of damages, it need not do so "if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." Huynh, 318 F. Supp. 2d at 1129. In this case, Plaintiffs have requested the minimum statutory damages. A hearing to determine the total amount of such damages would therefore be

---

[2] "[T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750.00 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c).

an exercise in futility as the Court must merely multiply the number of infringing works

by the minimum statutory penalty of $750.00 to arrive at the appropriate amount of

statutory damages in this case.  See Virgin Records America, Inc. v. Lacey, 2007 WL

177828, at *3-*4 (S.D. Ala Jan. 23, 2007) (finding that an evidentiary hearing as to

damages is unnecessary because plaintiffs sought minimum statutory damages).

In support of the present motion, Plaintiffs show that Defendant downloaded

and made available for distribution eleven of their copyrighted recordings:  "She

Swallowed It" recorded by NWA; "Go Your Own Way" recorded by Fleetwood Mac;

"Downtown" recorded by SWV; "A Woman's Worth" recorded by Alicia Keys;

"Elevators (Me & You)" recorded by Outkast; "Outstanding" recorded by Gap Band;

"Ride Wit Me" recorded by Nelly; "Stay" recorded by Destiny's Child; "Make It Last

Forever" recorded by Keith Sweat; "I Have Nothing" recorded by Whitney Houston;

and "U Got It Bad" recorded by Usher.  Accordingly, the Court awards Plaintiffs

$8,250.00 in statutory damages, or $750.00 for each of the eleven copyrighted works that

Defendant infringed.

*B.  Costs*

In addition to statutory damages, Plaintiffs seek to recover costs that they

incurred in bringing this action.  17 U.S.C. § 505 allows a court, in its discretion, to

award such recovery.  In this case, Plaintiffs have submitted an affidavit of counsel

stating that they have incurred $420.00 of costs in bringing this action. The Court

considers $420.00 to be a reasonable amount of costs and therefore awards such to

Plaintiffs.

C.  *Injunctive Relief*

Finally, Plaintiffs seek an injunction pursuant to 17 U.S.C. § 502(a) that

specifically authorizes this Court to "grant temporary and final injunctions on such

terms as it may deem reasonable to prevent or restrain infringement of a copyright."

See S. Co., Inc. v. Duncan, 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984); see also Arista

Records, Inc. v. Beker Enter., Inc., 298 F. Supp. 2d 1310, 1315 (S.D. Fla. 2003) (enjoining

defendants from infringing on any of the copyrighted works owned by plaintiffs).

Because the Court finds that Defendant's past and current conduct has and will, unless

enjoined, cause Plaintiffs irreparable injury that cannot be fully compensated or

measured in money, the Court finds that a permanent injunction is appropriate in this

case.

**Conclusion**

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion for default

judgment [Doc. 6] and **ORDERS** that the Court of Clerk enter final default judgment

against Defendant providing as follows:

(1)  Defendant shall pay $8,250.00 in statutory damages and $420.00 in costs (for a

total of $8,670.00) to Plaintiffs.

(2) Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs), including by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiffs' recordings, to distribute (i.e. upload) any of Plaintiffs' recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Moreover, Defendant must destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

**SO ORDERED,** this 9th day of April, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

EHE/ssh